## NICHOLSON, Syndic *v.* CHAPMAN.

Notes payable after date, received by syndics, or other administrators, in the settlement of insolvent estates, and in liquidating successions, can be discounted only under authority of the court. *Per Curiam:* Notes and money belonging to creditors in the hands of syndics, are in judicial deposit or sequestration; they are the exclusive property of the creditors, and subject entirely to their control, under the direction of the court by whose authority the syndic was appointed, and under which he is bound to act.   C. C. 2942, 2948.

Where the word *Syndic* is appended to the name of the indorser of a note, it is notice that the note belongs to the estate in the hands of the syndic, and that it cannot be indorsed without an order of court; and the purchaser is bound, at his peril, to ascertain whether such an order exist. He can acquire no right under the note adverse to the party to whom it really belongs, and in whose interest the restrictive indorsement is made. The proceeds of the note when paid represent the instrument, and belong of right to the estate. The fact of the syndic having given security for the faithful performance of his duties, cannot affect the claims of the creditors for the conversion of their property by a third person.

An indorsement is restrictive when it has words expressly making it so, or when it is made in favor of a person who cannot make a transfer.

The relative rights of the holder of a bill or note and the party beneficially interested in it, are by no means identical with those existing between the former, and the maker or other party. A payment may be well made to the holder of a bill, though he may be bound to account for the proceeds to a third person to whom they belong.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*T. A. Clarke,* for the plaintiff.

*Maybin,* for the appellant. The endorsement " *G. W. Pritchard, Syndic,*" was not notice to the defendant that the note belonged to the estate of which Pritchard was syndic, the endorsement being in blank.   2 Robinson, 303. 9 Mass. 423. 15 Id. 272. 14 La. 254. If the blank endorsement were notice,

it is no objection to defendant's title to the note. 31 Eng. Com. Law Rep. 212. 37 Id. 236.   41 Id.₤142.

*Grymes,* appeared on the same side.

The judgment of the court was pronounced by

EUSTIS, C. J.   *George W. Pritchard,* an insolvent debtor, was appointed syndic of his own estate, and of that of *G. W. Pritchard & Co.*, and received two certain notes in payment of property sold by him belonging to the syndicate. These notes were placed by him in the hands of *John Kilty Smith,* a broker, and, in September, 1841, were negotiated by the broker to the defendant, and the proceeds paid over to *Pritchard.*   One of these notes, made by *Francis T. Harman,* to the order of *Benjamin Thomas,* was endorsed in blank by the latter, and at the time of the discount by the defendant bore this endorsement, also in blank: *G. W. Pritchard, Syndic.*   *Pritchard* applied the proceeds of the notes to his own use, and was a defaulter to the syndicate in a large amount.   The plaintiff was appointed in his stead, and represents the creditors.   He has brought this suit to recover from the defendants the amount of two of the notes, and interest; but the only question is, as to his right to recover the amount of the note drawn by *Harman,* for $1433 33½.

The first ground of defence, which it is material to notice, is that, the defendant discounted the notes in the usual course of business, and for a valuable consideration, and that in all his conduct in relation to the discount he acted *bonâ fide,* and became thereby the lawful owner of the note.   There is nothing connected with this transaction which attaches any suspicion to the good faith of the defendant.   He paid an adequate consideration for the note, and his fair dealing has not been questioned.

In the settlement of insolvent estates, and in liquidating successions, it is quite usual for notes, payable at long terms, received by syndics and other administrators, to be put into market and discounted.   This is absolutely necessary in order to meet those claims which are demandable in cash, or to satisfy heirs who insist on an immediate settlement of their rights.   But to give to the syndic, or administrator, the power to have notes discounted, an authority from the court is necessary.   It is sometimes given in the meeting of the creditors, and, in the confirmation of their proceedings, the authority becomes complete. In this case there was no semblance of authority to the syndic, and the act of negotiating these notes was a flagrant breach of trust.

We consider notes and money belonging to creditors in the hands of syndics, as being in judicial deposit or sequestration.   They are in litigation; the creditors *in concurso* are contending for them; and they are the exclusive property of the creditors, and subject entirely to their control, under the direction of the court, under whose authority the syndic is appointed and is bound to act.   Civil Code, arts. 2942, 2948.

The endorsement, "*G. W. Pritchard, Syndic,*" is notice that the note belonged to this estate, and that it could not be discounted without an order of court.   Whether that order existed or not, the person purchasing the note was bound to ascertain.   The endorsement was sufficient to put him on inquiry.   It was positive information that the note was not an ordinary one, negotiable at the risk of its holder, but formed part of a fund which did not belong to the party holding it, but to those whose depositary he was.

We understand that a person taking a note of this kind can acquire no rights under it adverse to the party to whom it really belongs, and in whose interest

NICHOLSON
v.
CHAPMAN.

the restrictive endorsement is made, and of which it gives notice; and that the proceeds of the note when paid, represent the instrument, and belong of right to its original owner. Byles on Bills of Exchange, p. 89. Chitty on Bills, 10th edition, and notes, pp. 200, 231, 232, 233.

An endorsement is restrictive which has express words making it so, or which is made in favor of a person who cannot make a transfer. Bailey on Bills, 69. Story on Notes, § 141, 142.

The counsel for the defendant has cited several decisions from the English and American Reports, to show that this endorsement would be no obstacle to the recovery on this note by the holder, against the maker. It is obvious that this position, were it established, does not control this case. The relative rights between the holder of a bill or note and the party beneficially interested in it, are by no means identical with those existing between the former and the maker, or other party to the bill or note. A payment may be well made to the holder of a bill, and still the holder may be bound to account for the proceeds to a party to whom they in law belong. Bailey on Bills, 79, and cases cited. Under the English law, on the death of the holder of a note or bill, the right of transfer is vested in his administrator, or executor. If he becomes bankrupt, it devolves on his assignees. Bailey on Bills, 78. Chitty on Bills, 201, 202.

It is urged that *Pritchard* gave security for the faithful performance of his duties as syndic. We do not consider this fact as affecting the claims of the creditors, for the conversion of their property by a third person.

It appears that *Pritchard* applied the proceeds of this note to the use of a firm of which he was a member, which afterwards became bankrupt, and that the syndicate, being a creditor of the firm for the amount of *Pritchard's* defalcation, $9777 76, received two dividends of the bankrupt estate, to the amount of $1965 60. For these dividends, of which the creditors have had the benefit, in the proportion which the amount of this note of *Harman* bears to the amount proved in bankruptcy, the plaintiff must account to the defendant, and the amount must go to his credit in this suit. The judgment of the court below must be changed in this respect. Any future dividends must also belong rateably to the defendant. The proof made of the debt in the bankruptcy will stand for his benefit.

The judgment appealed from is reversed, and judgment entered for the plaintiff, for the sum of $1146 67, with interest from 5th January, 1844; the plaintiff and appellee paying the costs of this appeal.